# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Harvey Fair, ) | Civil Action No.: 9:09-cv-03118-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Mr. Holland, Counselor; Mary Mitchell, ) | |
| Warden; Mr. Acosta, Associate Warden; ) | |
| Mr. Collins, Captain; Mr. Kelso, Lt. SIS; ) | |
| Mr. Neil, Unit Manager; Mr. Dobbins, ) | |
| Asst. Food Administrator; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, a federal prisoner proceeding *pro se*, brought this suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff is currently incarcerated at FCI-Petersburg, in Petersburg, Virginia.

Defendants filed their [Docket Entry 38] Motion to Dismiss, or in the alternative, Motion for Summary Judgment ("Motion to Dismiss") on August 5, 2010. Because Plaintiff is proceeding *pro se*, this court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 9, 2010, advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Thereafter, Plaintiff timely filed his [Docket Entry 42] Response in Opposition.

This matter is before the court with the [Docket Entry 46] Report and Recommendation ("R

---

[1] The court notes that, as the Magistrate Judge correctly stated, "[a] Bivens claim is analogous to a claim under 42 U.S.C. § 1983," and therefore "case law involving § 1983 claims is applicable in Bivens actions and *vice versa*." R & R at 1 n.1 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982); *Farmer v. Brennan*, 511 U.S. 825 (1994)).

& R") of United States Magistrate Judge Bristow Marchant[2] filed on November 15, 2010. In the R & R, the Magistrate Judge recommended that the "case [should] be dismissed, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies." R & R at 12. Plaintiff timely filed objections to the R & R. *See* Obj. [Docket Entry 48].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 73.02(B)(2)(d) and (e), (D.S.C.).

**Discussion**

Pursuant to 42 U.S.C. § 1997e(a),[3] a prisoner is required to exhaust his administrative remedies before filing an action concerning the conditions of his confinement. This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Proper exhaustion" is now required. *Id.* at 93.

The Code of Federal Regulations, at 28 C.F.R. § 542.10 *et seq.*, sets forth the Administrative Remedy Procedure for Inmates, which is the internal grievance procedure that must be used by BOP inmates when lodging a complaint. The grievance procedure is a multi-step process. The first step requires the inmate to file a formal written complaint with the warden of the prison on a Form BP-9. This complaint must be filed with the warden within twenty (20) calendar days from the date of the alleged offending event. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, the inmate may appeal to the Regional Director of the BOP by filing a Form BP-10 within

---

[3] Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

3

twenty (20) calendar days of the date the warden signed the response. *Id.* § 542.15(a). If the inmate remains dissatisfied after the Regional Director's response, the inmate may appeal to the BOP's General Counsel by filing a Form BP-11 within thirty (30) calendar days of the date the Regional Director signed his response. *Id.* Appeal to the General Counsel is the final level of agency review. *See id.*

In the R & R, the Magistrate Judge ultimately recommended that, "based on the evidence submitted, the Defendants are entitled to summary judgment, and this case should be dismissed." R & R at 12. More specifically, the Magistrate Judge found the following:

> Defendants have submitted several affidavits as well as documentary evidence (including logs and other records maintained by the BOP) showing that Plaintiff did not exhaust the BOP's administrative remedy process regarding any of the allegations set forth in the complaint prior to filing this lawsuit. Further, while Plaintiff's own exhibits (attached to his filing) reflect that he has pursued administrative exhaustion of these claims since the filing of this lawsuit, none of these exhibits show an exhaustion of Plaintiff's claims prior to the filing of this lawsuit. This evidence is sufficient to meet the Defendants' burden of establishing Plaintiff's failure to exhaust his administrative remedies.

*Id.* at 11. Plaintiff timely objected to the R & R.

Plaintiff first appears to argue that, in an attempt to exhaust, he "wrote letters to President Obama, Attorney General, Eric Holder, Harley Lappin, Director Federal Bureau Of Prisons, The Inspector General, Dept. of Justice, Internal Affairs, Federal Bureau of Prisons, Senator Graham, S.C., and the plaintiff's sister, Barbara Fair." Obj. at 2. Plaintiff further contends that these letters are not in the record because "staff at FCI Edgefield removed [these] legal documents from his property."[4] *Id.* The court overrules this objection. First, Plaintiff provides no indication as to

---

[4] While Plaintiff alleges that prison staff wrongfully removed his legal documents, this allegation was not raised in Plaintiff's Complaint and is not presently before the court. Rather, Plaintiff indicated that he has filed "another grievance" in order to address this allegation. Obj. at 2.

4

whether these letters were drafted before or after the filing of the complaint in this case. "[P]risoners must exhaust 'such administrative remedies as are available' *prior* to filing suit in federal court challenging prison conditions." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (emphasis added) (quoting 42 U.S.C. § 1997e(a)). Thus, if any of these letters were drafted after the filing of this lawsuit, they could not serve to satisfy Plaintiff's exhaustion requirement. *See Green v. Rubenstein*, 644 F. Supp. 2d 723, 743 (S.D.W. Va. 2009) ("The prisoner . . . may not exhaust administrative remedies during the pendency of the federal suit." (quoting *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999))). Second, and more importantly, a prisoner can "properly exhaust" his administrative remedies only by following the BOP's administrative remedies procedure, as set out in 28 C.F.R. § 542.10 *et seq*. As noted above, in order to properly exhaust, an inmate must file a formal complaint using a Form BP-9, and follow the appropriate appellate procedures thereafter. Accordingly, these letters, sent to persons both associated and un-associated with the BOP, are not the proper method by which an inmate is to exhaust his BOP administrative remedies.

> Plaintiff additionally argues, in his objections, that
>
> [t]his is clearly a case where the defendants violated the rights of the plaintiff. Locked him[]in a cell in segregation for seven months for unconstitutional reasons. Denied the plaintiff access to the prison administrative remedy process, and now wants to use failure to exhaust to escape the consequences of their willful actions.

Obj. at 3. However, the court overrules this general and conclusory objection. *See Orpiano*, 687 F.2d at 47 (holding that a court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). After reviewing all of the parties' evidence and arguments, the court finds itself in agreement with the Magistrate Judge that "Plaintiff cannot avoid

summary judgment by simply making the claim, contradicted by substantial evidence to the contrary, that he attempted to exhaust his administrative remedies but was prevented from doing so." R & R at 12; *see also Robinson v. Janiszewski*, No. 5:09CV64, 2010 WL 1473692, at *2 (N.D.W. Va. April 9, 2010) ("[P]laintiff has failed to produce a single copy of a grievance complaint, and his contention that the defendants have hindered his ability to file such grievances constitutes nothing more than a general assertion unsupported by evidence."), *aff'd*, 386 F. App'x 363 (4th Cir. July 1, 2010); *Troutman v. Ozmint*, No. 4:06-1868, 2007 WL 2688571, at *5-*6 (D.S.C. Sept. 11, 2007) (noting that "a party cannot avoid summary judgment simply by making unsupported statements of fact").

## Conclusion

The court has thoroughly reviewed the R & R, objections, evidence, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, Defendants' Motion is **GRANTED**, and this case is hereby **DISMISSED**, *without prejudice*, for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

Florence, South Carolina
December 15, 2010